884 F.2d 579
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William HEREDIA, Petitioner-Appellant,
v.
Thomas J. STICKRATH, Supt., Respondent-Appellee.
 No. 89-3322.
 United States Court of Appeals, Sixth Circuit.
 Aug. 24, 1989.
 
 1
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges and THOMAS A. HIGGINS, District Judge.*
 
 ORDER
 
 2
 Heredia moves for counsel on appeal from the district court's judgment denying Heredia's petition for a writ of habeas corpus. 28 U.S.C. Sec. 2254. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A Cleveland, Ohio jury convicted Heredia of murder with a firearm specification. He received a sentence of fifteen years to life imprisonment plus three years on the specification. He exhausted his state remedies.
 
 
 4
 In his petition, he raised ineffective assistance of counsel, sufficiency of the evidence, and prosecutorial misconduct issues. After various proceedings, the district court denied the petition. This court has construed Heredia's application for a certificate of probable cause as a valid notice of appeal.
 
 
 5
 Upon review of the question of the sufficiency of the evidence, the test is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1978). A state appellate court's findings of fact on the sufficiency issue are entitled to a presumption of correctness unless challenged by convincing evidence that the factual determination in the state court was erroneous. 28 U.S.C. Sec. 2254(d); Sumner v. Mata, 455 U.S. 591, 597 (1982) (per curiam); Brown v. Davis, 752 F.2d 1142, 1147 (6th Cir.1985). Here the state appellate court's findings are entitled to a presumption of correctness. Based on these findings, a reasonable juror could have found the evidence to be sufficient. Therefore, this issue is without merit.
 
 
 6
 Heredia's second issue concerns ineffective assistance of counsel. In order to establish such a claim, the petitioner must show that counsel's performance was deficient and prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 693 (1984). We have considered each of Heredia's arguments. On each issue, either counsel was not deficient in his performance or no prejudice occurred. Therefore, this issue is also without merit.
 
 
 7
 Finally, concerning the prosecutorial misconduct issue, the question is whether the alleged violation was so egregious as to render the trial fundamentally unfair. Angel v. Overberg, 682 F.2d 605, 608 (6th Cir.1982) (en banc). Here we have examined each allegation of improper action, and we find that none of them were so egregious as to render the trial fundamentally unfair. Therefore, this issue also lacks merit.
 
 
 8
 The motion for counsel is denied. The judgment of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable Thomas A. Higgins, U.S. District Judge for the Middle District of Tennessee, sitting by designation